UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGORY K. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00468-JRS-DLP |
| | ) |
| DR. PAUL TALBOT, | ) |
| | ) |
| Defendant. | ) |

## ENTRY GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT

### I. Background

Plaintiff Gregory K. Cox, an inmate confined at all relevant times at the Pendleton Correctional Facility, filed this civil rights action on September 8, 2020. Mr. Cox alleges that Dr. Paul Talbot was deliberately indifferent to his serious medical needs consisting of varicose veins, in violation of his Eighth Amendment rights.

The defendant has moved for summary judgment seeking resolution of the claim against him on the basis that Mr. Cox failed to exhaust his available administrative remedies before filing this action. Dkt. 25. Mr. Cox has not opposed the motion for summary judgment and the deadline for doing so has passed. For the reasons explained in this Entry, the defendant's unopposed motion for summary judgment must be **granted.**

### I. Legal Standards

#### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

1

56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The defendant's motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Cox on January 27, 2021. Dkts. 25-28. The consequence of Mr. Cox's failure to respond is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Prison Litigation Reform Act

The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,*

534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendant to demonstrate that Mr. Cox failed to exhaust all available administrative remedies before he filed this suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### III. Discussion

#### A.   Facts

The following facts, unopposed by Mr. Cox and supported by admissible evidence, are accepted as true for purposes of the motion for summary judgment:

Mr. Cox alleges that he has experienced severe pain in his right leg since 2000 due to varicose veins. Dkt. 1 at 2-3.  He alleges that he requested treatment many times, but Dr. Talbot refused to give him anything but Tylenol and told Mr. Cox that he was not going to fix anything for him.

Upon an offender's entry into the Indiana Department of Correction (IDOC), each offender is advised of the Offender Grievance Process—Policy and Administrative Procedure Number 00-02-301, and provided with a copy of the policy or instructed on how to access a copy of the policy. Dkt. 27-1 at ¶ 6. Offenders are also provided with a copy (or access to a copy) of the IDOC Offender Handbook, which includes a section on the Offender Grievance Process. *Id.* Under the Offender Grievance Process, offender concerns relating to medical care and treatment are considered grievable issues. *Id*. at ¶ 7.

From October 1, 2017 until April 1, 2020, the Offender Grievance Process consisted of the following steps: (1) a formal attempt to resolve a problem or concern following an unsuccessful attempt at an informal resolution; (2) a written appeal to the facility Warden or the Warden's designee; and (3) a written appeal to the IDOC Grievance Manager. *Id*. at ¶ 8.

An offender wanting to submit a grievance on an issue that he has been unable to resolve informally must submit a completed State Form 45471 "Offender Grievance," to the Offender Grievance Specialist no later than ten (10) business days from the date of the incident giving rise to the complaint. *Id*. at ¶ 10. Once received, the Offender Grievance Specialist will review the grievance to determine whether the form was submitted timely; whether the form was properly completed; and whether the issue is grievable under the Offender Grievance Process. *Id.* If the grievance is unacceptable, the Offender Grievance Specialist will return the form to the offender along with State Form 45475, "Return of Grievance," explaining why the grievance was not accepted and how it may be corrected, if it can be corrected. *Id.* If corrections are required, the offender shall make the necessary revisions and return the grievance to the Offender Grievance Specialist within five (5) business days from the date that it was returned to the offender. *Id.* If the grievance is acceptable, the Offender Grievance Specialist will provide the offender with a receipt

of acceptance and log number. *Id.* If the offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within five (5) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within five (5) business days. *Id*.

If the offender disagrees with the formal response to the grievance, he may appeal the response to the facility Warden or the Warden's designee by submitting State Form 45473 "Grievance Appeal" to the Grievance Specialist within five (5) business days after receiving the grievance response. *Id*. at ¶ 12. Within one (1) business day of receipt of the appeal, the Offender Grievance Specialist will forward all pertinent documentation to the Warden or Warden's designee, complete State Form 56285 "Receipt of Facility Level 1 Grievance Appeal," and forward a copy of State Form 56285 to the offender. *Id.* Responses to offender appeals are to be completed within five (5) business days of receipt of the appeal. *Id.* The Offender Grievance Specialist will forward the appeal response to the offender. *Id*.

If, after receipt of the appeal response, the offender is still dissatisfied, or no response was received within the proper timeframe, the offender may appeal to the Department Offender Grievance Manager. *Id*. at ¶ 13.

Mr. Cox filed an offender grievance on June 27, 2019, regarding his treatment for the veins in his legs, and it was received by the grievance office on July 2, 2019. Dkt. 27-2. The grievance was returned to him as being submitted too late and for being incomplete. *Id*. This is the only document the Grievance Office ever received related to Mr. Cox's complaints regarding treatment for his veins in his legs. Dkt. 27-1 at ¶ 20. Mr. Cox did not resubmit a complete grievance or file an appeal. *Id*. at ¶ 21.

5

### B.    Analysis

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id*.; *see also Ross v. Blake,* 136 S. Ct. 1850, 1856 (2016) (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

The IDOC has established a three-step policy that must be completed before a grievance is deemed exhausted. The undisputed record reflects that Mr. Cox was aware of the Grievance Process. Before filing this action, Mr. Cox filed a grievance that was returned as incomplete and untimely, but he failed to resubmit the grievance or appeal to the next step. Mr. Cox has not identified a genuine issue of material fact supported by admissible evidence that counters the facts established by the defendant. Mr. Cox did not complete the available administrative process as required by IDOC policy.

The defendant has met his burden of proving that Mr. Cox "had available [administrative] remedies that he did not utilize."  *Dale*, 376 F.3d at 656. The consequence of Mr. Cox's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the above reasons, the defendant's unopposed motion for summary judgment, dkt. [25], is **granted.** Final judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 3/24/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GREGORY K. COX
103230
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All electronically registered counsel